UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELISSA A. HILL; ZENITH GROUP; TOWN OF PARADISE; and BUTTE COUNTY TREASURER,<br><br>Defendants. | No. 2:17-cv-608-MCE-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff United States of America brings this action to reduce to judgment unpaid tax assessments made against defendant Melissa Hill. The case is before the court on the government's motions to dismiss counts two and three of the complaint (ECF No. 26) and for summary judgment against defendant Melissa Hill (ECF No. 27) on its remaining claim. For the following reasons, the motions must be granted.

I.   Background

The United States filed this action against defendants Melissa Hill, Zenith Group, Town of Paradise, and Butte County Treasurer.[1] ECF No. 1. The complaint seeks (1) to reduce to

---

[1] Defendants Town of Paradise and Butte County Treasurer were named defendants because they might claim an interest in property subject to a tax lien. *See* 26 U.S.C. § 7403(b) (all parties that may claim an interest in property subject to tax liens must be named as defendants). The Butte County Treasurer has not appeared in this action. The appearance by the

1

judgment unpaid federal tax assessments made against Hill, (2) adjudicate that Zenith Group is the alter-ego and/or nominee of Hill, and (3) foreclose federal tax liens against real property located in Butte County, California. *Id*. at 1-2. *Id*. at 1

The government alleges that an authorized delegate of the Secretary of Treasury made timely assessments against Hill for federal income taxes, penalties, interest, and other statutory additions between January 10, 2011 and December 7, 2015. *Id*. at 4-5. The assessments cover the tax periods of 2005 through 2008, and 2010, and totaled $79,516.84. *Id*. Despite notice and demand for payment of the assessments, Hill has failed to pay the assessments. *Id*. at 5-6. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the dates of the assessments and attached to all property and rights to property belonging to Hill at the time of assessment and to property and rights to property that came into existence thereafter. *Id*. at 6. Pursuant to 26 U.S.C. § 7402(a), the government seeks judgment against Hill in the amount of $79,516.84. *Id*. at 7-8.

The complaint also alleges that defendant Zenith Group is the alter-ego and nominee of defendant Hill. Hill allegedly obtained an interest in real property located at 1313 Deodara Way, Paradise, California ("subject property") by an individual grant deed recorded with the Butte County Recorder's office on December 6, 1990. *Id*. 3, 7. In August 2008, a quitclaim deed was recorded with the Butte County Recorder's Office, which purported to transfer Hill's interest in the subject property to Zenith Group. *Id*. at 7-8. The government alleges that there was no valuable consideration for the transfer. *Id*. at 8. It further claims that the neither the Internal Revenue Service nor the State of California has any record suggesting that Zenith Group is a valid entity. *Id*. at 8.

In May and July 2015, and January 2016, the IRS filed Notices of Federal Tax Lien, regarding the assessments discussed above, with the County Clerk-Recorder for the County of

---

Town of Paradise was limited to filing a stipulation between it and the United States. ECF No. 5. Pursuant to the stipulation, which the court has approved, the United States' tax lien against property located at 1313 Doadara Way, Paradise, California has priority over the Town of Paradise's $600 lien on that property. ECF No. 7. Town of Paradise was also excused from further participation in this action and dismissed as a defendant.

Butte, California. Pursuant to 26 U.S.C. § 7403(c), the government seeks a decree of sale of the subject property to enforce its tax lien.

The United States now seeks dismissal of the complaint's second and third causes of action—which seek a declaration that defendant Zenith Group is the alter-ego and nominee of Hill (count 2) and to foreclose federal tax liens on property located in Butte County (count 3)—and summary judgment on the remaining claim to reduce to tax assessments against Hill to judgment.

II.     Motion to Dismiss

The government moves for voluntary dismissal of the complaint's second and third claims pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). ECF No. 26.

Rule 41 does not permit a party to dismiss some but not all of its claims. Instead, a party is required to seek leave of the court to amend the complaint to eliminate one or more, but less than all, of its claims under Rule 15. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687-88 (9th Cir. 2005) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.") (quotations and modification omitted); *Gen. Signal Corp v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims."). Rule 15 requires that leave be freely given, Fed. R. Civ. P 15(a)(2), and this policy is to be applied with "extreme liberality," *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Although this rule appears to require the cumbersome process of filing a motion to amend and then the filing of redrafted complaint, the court in *Hells Canyon* affirmed the district court by construing the dismissal under Rule 41 as the granting of leave to amend to remove the claims in question. *See Hells Canyon*, 403 F.3d at 687 (construing district court's dismissal of a claim under Rule 41 "as approval of . . . amendment of the complaint to excise that claim."). Thus, in the interest of judicial economy, the court construes the government's motion to dismiss as one

/////

3

seeking leave to amend under Rule 15.  Given that leave should be freely given, and that there is no opposition to the motion, the motion so construed should be granted.

Accordingly, it is recommended that the United States' request to excise its claims to declare Zenith Group the alter-ego and/or nominee of Hill (claim two) and to foreclose federal tax liens (claim three) be granted and that defendants Zenith Group and Butte County Treasurer be dismissed from this action.

With the abandonment of those claims, the sole remaining claim is alleged only against defendant Hill, which is addressed below.

III.    Motion for Summary Judgment

The government moves for summary judgment on its claim to reduce to a judgment the outstanding federal tax assessments against Hill for the 2005 through 2008, and 2010 tax years. ECF No. 27.  Hill has not filed an opposition, or otherwise responded to the government's motion.[2]

A.    Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford–El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

---

[2] The government originally noticed its motion for hearing before the assigned district judge. ECF No. 27.  The district judge subsequently issued an order referring the motions to the undersigned. ECF No. 31.  The order was served on defendant Hill at her address of record but was subsequently returned as "Undeliverable, Unable to Forward."  The government also served Hill by mail with a copy of its motions at four different addresses, including the address on file with the court.  ECF Nos. 26-1, ECF No. 27-6.  Assuming that Hill's failure to respond to the pending motions might be due to a lack of actual receipt of the motions, she was nonetheless properly served at her address of record which she is responsible for keeping accurate.  Pursuant to Local Rule 182(f), litigants are responsible for keeping the court and other parties apprised of their current address, and service of documents at the record address of the party is fully effective.

motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a

/////

1  circumstance, summary judgment must be granted, "so long as whatever is before the district
2  court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id*. at 323.
3        To defeat summary judgment the opposing party must establish a genuine dispute as to a
4  material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that
5  is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at
6  248 ("Only disputes over facts that might affect the outcome of the suit under the governing law
7  will properly preclude the entry of summary judgment."). Whether a factual dispute is material is
8  determined by the substantive law applicable for the claim in question. *Id*. If the opposing party
9  is unable to produce evidence sufficient to establish a required element of its claim that party fails
10 in opposing summary judgment. "[A] complete failure of proof concerning an essential element
11 of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S.
12 at 322.
13       Second, the dispute must be genuine. In determining whether a factual dispute is genuine
14 the court must again focus on which party bears the burden of proof on the factual issue in
15 question. Where the party opposing summary judgment would bear the burden of proof at trial on
16 the factual issue in dispute, that party must produce evidence sufficient to support its factual
17 claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.
18 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit
19 or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue
20 for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to
21 demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such
22 that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,
23 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.
24       The court does not determine witness credibility. It believes the opposing party's
25 evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255;
26 *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the
27 proponent must adduce evidence of a factual predicate from which to draw inferences. *American*
28 *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

1   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at
2   issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th
3   Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier
4   of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475
5   U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any
6   reasonable inferences that might be drawn from it could not support a judgment in favor of the
7   opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any
8   genuine dispute over an issue that is determinative of the outcome of the case.

9       B.    Discussion

10      "In an action to collect taxes, the government bears the initial burden of proof." *Palmer v.*
11  *U.S. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997).  "The government can usually carry its initial
12  burden, however, merely by introducing its assessment of tax due." *United States v. Stonehill*,
13  702 F.2d 1288, 1293 (9th Cir. 1983) (citation omitted).  This is because "assessments for unpaid
14  taxes are normally entitled to a presumption of correctness so long as they are supported by a
15  minimal factual foundation." *Palmer*, 116 F.3d at 1312; *see Weimerskirch v. Comm'r*, 596 F.2d
16  358, 360 (9th Cir. 1979) ("[B]efore the Commissioner can rely on this presumption of
17  correctness, the Commissioner must offer some substantive evidence showing that the taxpayer
18  received income from the charged activity.").  The minimal threshold showing can be established
19  by a Certificate of Assessments and Payments, or Form 4340, which, absent contrary evidence, is
20  sufficient to establish the assessments were proper.  *Koff v. United States*, 3 F.3d 1297, 1298 (9th
21  Cir. 1993); *see Cracchiola v. Comm'r of Internal Revenue*, 643 F.2d 1383, 1386 (9th Cir. 1981)
22  ("[The Government's] method of calculating . . . income is presumptively correct and will be
23  affirmed as long as it is rationally based.").

24      The government has submitted Certificates of Assessments, generated under seal and
25  signed by an authorized agent of the Secretary of Treasury, for the tax years 2005 through 2008
26  and 2010.  Decl. of Barbearo ISO Pl.'s MSJ (ECF No. 27-3) ¶¶ 11, 14 and Exs. V-Z.  The
27  assessments demonstrate that Hill is liable for unpaid income taxes, interest, and statutory
28  additions in the amount of $6,297.10 for 2005, $9,604.87 for 2006, $7,536.38 for 2007,

$10,137.51 for 2008, and $42,027.07 for 2010.[3]  *Id*.  Despite proper notice and demand for payment, Hill has failed to fully pay the assessed amount.  *Id*. ¶¶ 16-17.  As of November 21, 2019, when taking into account additional interest, other statutory additions, and payments and adjustments, the outstanding balance of Hill's tax liabilities for 2005 through 2008 and 2010 is $90,941.  *Id*. ¶¶ 19-30, Exs. K-O.

The government's evidence adequately establishes Hill's tax liability for the years in question.  Furthermore, Hill, who failed to file an opposition to the government's motion, has not filed any contrary evidence.  Accordingly, the government is entitled to summary judgment on its claim to reduce to judgment the tax assessments against defendant Hill.

IV.     Conclusions

Accordingly, it is RECOMMENDED that:

1. The United States of America's motion to voluntarily dismiss claims two and three of the complaint (ECF No. 26), construed as a motion for leave to amend under Rule 15, be granted;

2. The complaint's second and third claims be deemed withdrawn, and defendants Zenith Group and Butte County Treasurer be dismissed from this action;

3. The United States of America's motion for summary judgment (ECF No. 27) be granted; and

4. Judgment be entered against defendant Melissa Hill in the amount of $90,941 for unpaid personal income tax and frivolous return penalties, plus additional interest and other statutory additions that have accrued since November 21, 2019.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[3] The amount assessed for the 2010 tax year is based on $50,000 in frivolous filing penalties, plus interest, that were imposed in connection with Hill filing multiple Forms 1040 for the 2010 tax period.  Barbearo Decl. Exs. P-U, Z; *see* 26 U.S.C. § 6702(a) (imposing a $5,000 penalty for filing a tax return or accompanying submission containing a position determined to be frivolous by the Commissioner).  The imposed penalties and interest were offset by a $13,069.58 payment, leaving a balance of $42,027.07 as of the date of the assessment. Barbearo Decl., Ex. Z.

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE